**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHARLOTTE L. CROSS,<br>            Appellant, | DOCKET NUMBER<br>CH-0752-16-0411-I-2 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>            Agency. | DATE: February 14, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Denise J. Knecht</u>, Esquire, Cleveland, Ohio, for the appellant.

<u>Amber Groghan</u>, Esquire, Akron, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

Regarding her claim that she was forced to resign because the agency would not grant her reasonable accommodation request, the appellant asserts that the administrative judge failed to consider all of her evidence, took a biased and incomplete view of witness testimony, did not consider that the agency violated Federal law and agency policy, and raised issues not previously raised in the record or presented at the hearing. Petition for Review (PFR) File, Tab 1 at 4. These arguments are not persuasive.

For instance, the appellant challenges the administrative judge's statement that she (the appellant) did not consider options such as using public transportation that would allow her to sit or stand, using private transportation, getting a ride to and from the agency, or driving with intermittent stops to break up the commute. PFR File, Tab 1 at 10-11; *see Cross v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-16-0411-I-2, Appeal File, Tab 39, Initial Decision (ID) at 14. The appellant also challenges the administrative judge's statement that it was curious that she (the appellant) asserted that her osteoarthritis prevented her from "all methods of traveling a distance of 45 minutes from her home" but did not preclude her from traveling 15 minutes to "her self-owned coffee shop and then putting in a full day of work." PFR File,

Tab 1 at 11-12; ID at 14-15. Additionally, the appellant asserts that the administrative judge improperly noted that she did not try the agency's offered accommodation, she could have sought reconsideration of her accommodation request, she could have renewed a formal request for accommodation after the expiration of her leave under the Family and Medical Leave Act of 1993, she could have supplemented the medical evidence that she provided to the agency, and/or she could have pursued the Equal Employment Opportunity Commission process while remaining at the agency. PFR File, Tab 1 at 12-13; ID at 15-16.

On review, the appellant's attorney explains why other commuting options were not feasible options. PFR File, Tab 1 at 10-12. However, the statements of a party's representative in a pleading do not constitute evidence, *Hendricks v. Department of the Navy*, 69 M.S.P.R. 163, 168 (1995), and no affidavit or declaration from the appellant was provided on review. Therefore, we do not consider the attorney's explanations in our analysis of this matter. Moreover, it is appropriate for the administrative judge to consider inconsistencies in the record and other legal and practical options that were available to the appellant at the time of her resignation in order to evaluate whether her resignation was involuntary. *See, e.g., Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶¶ 10, 30, 32 (2000) (finding that the appellant failed to prove that the agency created working conditions so intolerable that a reasonable person in her position would have felt compelled to resign considering, among other things, that four agency managers advised her of other options, such as filing a grievance, utilizing a mediator, or taking some leave or leave without pay to consider the situation); *see also Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (noting that witness character, prior inconsistent statements, and the contradiction of the witness's version of events by other evidence are relevant factors to consider in assessing credibility). Accordingly, these arguments are without merit.[2]

[2] The agency has filed a motion to strike the appellant's reply brief and correction to her reply brief. PFR File, Tabs 4-6. We have considered the agency's arguments, but we deny this motion.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** __Judicial review in general__. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be __received__ by the court within **60 calendar days** of __the date of issuance__ of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                     _Gina K. Grippando_
                                   _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.